# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TYREIK L. WATSON, | ) | |
| Movant, | ) | |
| v. | ) | CV417-071 |
| | ) | CR413-128 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Guilty-plea convicted of distribution of cocaine in violation of 21 U.S.C. § 841, Tyreik Waston seeks to exploit the Supreme Court's decision in *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243 (2016),[1] to neutralize his enhanced sentence as a career offender under 28 U.S.C. § 2255. Doc. 67. Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

In his 28 U.S.C. § 2255 motion, Watson argues that his prior convictions for serious drug offenses no longer qualify as ACCA-predicates. *Id.* He further argues that his motion is timely-filed, as it

---

[1] *Mathis* elucidated the holding in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), to explain how courts must divine whether a criminal defendant's prior convictions counted as "violent felonies" under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B).

has been filed within one year of the Supreme Court's decision in *Mathis*. *Id.* at 9. Though he admits his appeal from his criminal conviction was affirmed, *see United States v. Watson*, No. 14-10991 (11th Cir. Dec. 2, 2014) (mandate affirming judgment), Watson specifically denies that he has previously filed any "petition, application, or motion with respect to this judgment." Doc. 67 at 2.[2] This perjurious statement, of course, is later contradicted by his own admission that his first § 2255 motion was denied as untimely. *Id.* at 9; *see Watson v. United States*, No. CV416-145. And, despite that denial on the merits, Watson has not sought (or received) permission from the Eleventh Circuit to return to this Court for another bite at the § 2255 apple.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent that authorization, this Court lacks jurisdiction to hear any argument already addressed "on the merits." *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273,

---

[2] Notably, Watson did the exact same thing the last round. *See* doc. 52 at 2; doc. 59 (noting the discrepancy).

2

1278 (11th Cir. 2014); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *see also In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (collecting cases) (dismissal as time-barred is "on the merits," making any later motion challenging the same conviction is successive and therefore requiring authorization by the Circuit panel prior to filing in the district court). The Court therefore "must dismiss [movant's] second or successive petition, without awaiting any response from the government," in lieu of waiting for movant to seek that authorization himself. *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).

Accordingly, Tyreik Watson's second § 2255 motion should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  13th  day of April, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA